IN THE UNITED STATES DISTRICT COURT
                     FOR THE NORTHERN DISTRICT OF TEXAS
                              DALLAS DIVISION

KNIGHT TRANSPORTATION, INC.,    §
                                §
         Plaintiff-             §
         counterdefendant,      §
                                § Civil Action No. 3:07-CV-1210-D
VS.                             §
                                §
WESTINGHOUSE DIGITAL            §
ELECTRONICS, LLC,               §
                                §
         Defendant-             §
         counterplaintiff.      §

                         MEMORANDUM OPINION
                            AND ORDER

    The question presented in this lawsuit arising from the shipment of goods under an interstate bill of lading is whether counterdefendant can recover attorney's fees under state law or whether the Carmack Amendment controls and thus precludes such a recovery. The court holds that counterdefendant cannot recover attorney's fees.

                                 I

    Plaintiff-counterdefendant Knight Transportation, Inc. ("Knight"), which had been hired to transport televisions by truck from California to Oklahoma, lost its shipment while en route. [Countercl. 2, Sch. A] Defendant-counterplaintiff Westinghouse Digital Electronics, LLC ("Westinghouse"), the shipper, asserts counterclaims against Knight for damages and attorney's fees.

Knight moves to dismiss the counterclaim for attorney's fees.[1]

II

It is undisputed that the Carmack Amendment, 49 U.S.C. § 14706, governs the parties' rights in this case. The Carmack Amendment provides the "exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier." *Hoskins v. Bekins Van Lines, LLC,* 343 F.3d 769, 778 (5th Cir. 2003). This statute completely preempts the rights and remedies that would otherwise be available in such disputes under state law, *id.,* including the right to recover attorney's fees, *Accura Systems, Inc. v. Watkins Motor Lines, Inc.* 98 F.3d 874, 875 (5th Cir. 1996) ("[A]ttorney's fees authorized by state law are not available in Carmack Amendment actions.").

Section 14101(b) does authorize a carrier, however, to "enter into a contract with a shipper . . . to provide specified services under specified rates and conditions." Courts have explained that this provision allows parties to contract around the system of federal regulatory "default rules" that the Carmack Amendment established. *Transit Homes of Am., Div. of Morgan Drive Away, Inc. v. Homes of Legend, Inc.,* 173 F.Supp.2d 1192, 1198 (N.D. Ala. 2001)

---

[1]Knight does not cite the rule under which the motion is filed, but the motion is necessarily one for dismissal under Fed. R. Civ. P. 12(b)(6), and Westinghouse in its response has treated it as a Rule 12(b)(6) motion.

("[Section] 14101(b) in particular allows parties to avoid federal regulatory default rules." (emphasis omitted)); *Cent. Transp. Int'l, Inc. v. Alcoa, Inc.*, 2006 WL 2844097, at *3 (E.D. Mich. Sept. 29, 2006) ("Section 14101 allows a carrier to enter into a contract with a shipper to opt out of the Carmack Amendment's default rules.").

III

Westinghouse maintains that there is a contract that governs certain terms of its relationship with Knight,[2] but it concedes that the contract is silent on the issue of attorney's fees. [Resp. 3] Therefore federal law—having completely occupied this field—must supply the default rule of decision. *See Transit Homes of Am.*, 173 F.Supp.2d at 1198 (acknowledging that field is occupied by "*federal* regulatory default rules" (emphasis added); *Cent. Transp. Int'l,* 2006 WL 2844097, at *3 (same). Because Westinghouse does not identify any federal provision that would support the claim for attorney's fees, and instead bases its claim on a default rule derived from *state* law, the claim must fail.

Westinghouse's reliance on *Mastercraft Interiors, Ltd. v. ABF Freight Systems, Inc.,* 350 F.Supp.2d 686 (D. Md. 2004), is misplaced. At most, *Mastercraft* supports the proposition that rules governing contract *formation and interpretation* derive from

---

[2]Knight disputes that it was a party to this contract. For purposes of deciding this motion, the court will assume *arguendo* that it was.

state law.  *See id.* at 692 (applying state statute of frauds to determine whether contract entered into under § 14101(b) must be in writing).  It does not suggest that the parties' *substantive rights* derive from state law.  And it in fact acknowledges the rule that federal provisions must govern the parties' rights where a contract is silent.  *See id.* (relying on *Transit Homes of America*, and noting its holding that "the importance of § 14101(b)(1) is that it enables carriers and shippers to contract around certain *federal* . . . default rules" (emphasis added)).

Westinghouse does not argue that the parties contracted to provide Westinghouse a right to recover attorney's fees, nor has it pleaded any facts that would support such an argument. Westinghouse must therefore identify a provision of the Carmack Amendment that would support its claim for attorney's fees, and because it has failed to do this, the counterclaim must be dismissed.

\* \* \*

Knight's October 31, 2007 motion to dismiss counterclaim is granted, and Westinghouse's counterclaim for attorney's fees is dismissed with prejudice.

**SO ORDERED.**

January 22, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE