IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KNIGHT TRANSPORTATION, INC., §
　　　　　　　　　　　　　　　　§
　　　　　　　Plaintiff, §
　　　　　　　　　　　　　　　　§ Civil Action No. 3:07-CV-1210-D
VS. 　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　§
WESTINGHOUSE DIGITAL 　　　　　§
ELECTRONICS, LLC, 　　　　　　§
　　　　　　　　　　　　　　　　§
　　　　　　　Defendant. §

MEMORANDUM OPINION
AND ORDER

Defendant-counterplaintiff Westinghouse Digital Electronics LLC's ("Westinghouse's") February 13, 2008 Rule 56(f) motion for continuance to permit discovery necessary to respond to motion for summary judgment is granted, and the court continues until May 30, 2008 the deadline for Westinghouse to file its response, brief, and appendix.[1]  Westinghouse's February 29, 2008 motion for leave to file supplemental reply in support of its Rule 56(f) motion for continuance is denied.

I

Plaintiff-counterdefendant Knight Transportation, Inc. ("Knight"), who had been hired to transport televisions by truck

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision."  It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

from California to Oklahoma, lost its shipment while en route. It filed suit against Westinghouse seeking a declaration of limited liability, and Westinghouse counterclaimed for damages. Knight has moved for summary judgment.

In its summary judgment motion, Knight relies on a bill of lading issued by third-party defendant Topland Transport, Inc. ("Topland"), who hired Knight in its alleged capacity as a Westinghouse agent. The bill of lading limits a shipment carrier's liability to $0.50 per pound, and Knight contends that this provision applies to the lost televisions at issue here. Westinghouse, in turn, seeks an extension of time under Rule 56(f) to respond to the summary judgment motion. It maintains that it needs additional time because it has not had the opportunity to complete discovery, and that the evidence obtained through such discovery will support its summary judgment response. Specifically, it intends to adduce evidence that a separate shipping agreement ("Agreement") between itself and Topland[2] rendered the bill of lading's limited liability provision ineffective. It explains that Knight was hired by Topland as a subcontractor, and that under the bill of lading cited by Knight, a subcontractor's rights are no greater than those enjoyed by

---

[2]More precisely, the agreement was between Westinghouse and third-party defendant Topocean Consolidation Service, Inc., and it was made applicable to all members of the "Topocean Group," including Topland.

- 2 -

Topland. It concludes that, because the Agreement displaces the bill of lading's liability limitation as to Topland, it also displaces the provision as to Knight. Westinghouse requests that the court allow it time to gather evidence in support of this proposition by extending the deadline for its summary judgment response to May 30, 2008.

II

Rule 56(f) provides:

> If a party opposing the [summary judgment] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) deny the motion;
>
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>
> (3) issue any other just order.

"The Rule is an essential ingredient of the federal summary judgment scheme and provides a mechanism for dealing with the problem of premature summary judgment motions." *Parakkavetty v. Indus Int'l, Inc.*, 2004 WL 354317, at *1 (N.D. Tex. Feb. 12, 2004) (Fitzwater, J.) (citing *Owens v. Estate of Erwin*, 968 F. Supp. 320, 322 (N.D. Tex. 1997) (Fitzwater, J.)). "The continuance authorized by Rule 56(f) is a safe harbor built into the rules so that summary judgment is not granted prematurely." *Id.* (citing *Union City Barge Line Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987)). "To comply with the Rule, the party opposing summary

judgment must file the specified non-evidentiary affidavit, explaining why he cannot oppose the summary judgment motion on the merits." *Id.* "The party may not rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but must instead identify a genuine issue of material fact that justifies the continuance pending further discovery." *Id.* (citations omitted). "A party seeking a continuance of a motion for summary judgment must demonstrate why he needs additional discovery and how the additional discovery will create a genuine issue of material fact." *Id.* (citing *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)).

III

Applying these principles, the court grants Westinghouse's motion. The Agreement's effect on the bill of lading involves a genuine issue of fact that requires additional discovery, and the court perceives no reason why a continuance should be denied under these circumstances. *Cf. Culwell v. City of Ft. Worth,* 468 F.3d 868, 871 (5th Cir. 2006) ("[Rule 56(f)] motions are broadly favored and should be liberally granted."). The deadline for completion of discovery——to which both parties have agreed——is several months away (November 1, 2008), and there is no contention that Westinghouse has been dilatory in prosecuting discovery thus far. Moreover, the additional time that Westinghouse requests is reasonable.

* * *

Westinghouse's February 13, 2008 Rule 56(f) motion for continuance to permit discovery necessary to respond to motion for summary judgment is granted, and the court extends through May 30, 2008 the deadline for it to file its response, brief, and appendix. Westinghouse's February 29, 2008 motion for leave to file supplemental reply in support of its Rule 56(f) motion for continuance is denied.

**SO ORDERED.**

March 5, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE